Spear, C. J.
The action below had its origin in' the probate court of Lawrence county, the case being a proceeding in that court to appropriate lands for' railroad purposes, the plaintiff in that action and here being a steam railroad corporation, organized under the laws of Ohio.
But one question is presented by the record, and' that is whether jury fees in such cases should be paid by the corporation or out of the county treasury.
It is conceded that the determination of the ques- ° tion depends upon the proper construction of our-statutes relating to the'taxation of costs. General *456 provision for costs in the common pleas court is made by section 5182, Revised Statutes, which is:
“Sec. 5182. [Compensation of Jurors.] Each grand and petit juror drawn from the jury box pur: suant to law, and each juror selected by the court, pursuant to section five thousand' one hundred and seventy-three of this chapter, and each talesman shall be allowed two dollars per day, for each day he serves, and if not a talesman, five cents per mile from his place of residence to the county seat, and such compensation shall be certified by the clerk of the court, and paid by the county treasury on the warrant of the county auditor.”
Section 6411, Revised Statutes, which relates to proceedings in the probate court is to the effect that the provisions of law governing civil proceedings in the common pleas shall, so far as applicable, govern like proceedings in the probate court, when there is-no provision on the subject in this title, Title two. So that, if no other provision of statute were found, the above would clearly indicate a legislative purpose to require the payment of jury fees from the county treasury. But, under the 'same title (two) is section 6451, which is:
“Sec. 6451. The jurors summoned, and attending or serving, in accordance with the provisions of this chapter, shall each receive the same fees per day as are provided by law for jurors in the court of common pleas, and also five cents per mile for each mile of the distance they are compelled to travel in the discharge of their duties; the witnesses shall be allowed the same fees and mileage as are allowed for attendance at the court of common pleas; the sheriff shall be entitled to such fees as he is allowed by law for similar services in other cases, but he shall not be *457 allowed anything in the way of poundage, except on money made on execution; the clerk shall he entitled to a fee of one dollar and fifty cents for drawing, and certifying to the probate judge, the list of jurors; the probate judge shall be allowed to enter a charge of five dollars in the cost bill for each day occupied in the trial of a cause, in addition to his other fees, provided by law; and the whole costs so taxed shall be adjudged against and paid by the corporation,, except as provided in the next section. ’ ’
It results, therefore, that the determination of the question depends upon the proper construction of this special provision, the conceded rule being that-a special statutory provision upon a particular subject supersedes and takes the place of a more general provision found elsewhere in the statute. It all depends upon the meaning of the phrase “the whole costs so taxed.”
The contention of plaintiff in error is that section 5182, supra, is applicable, so far as jury fees are concerned, and that, therefore, the costs in appropriation proceedings to be taxed against the corporation, as provided in section 6451 do not include jury fees. This because the universal rule in civil and criminal cases in the common pleas is that the fees of the jurors are due so soon as the service is rendered and the compensation is then certified by the clerk and paid by the county treasurer, while the statute respecting costs in appropriation cases gives to the corporation some time for their payment, about-seventy days.
This argument might have weight if there was real ambiguity in the language used. We think there is none. No distinction is drawn by the language of the act between items of one kind and those *458 ■of another. No reason is suggested, probably because none exists, why the fees of jurors may not be ■denominated costs as well as the fee of the probate judge, or indeed' any of the other items covered by the section. We are of opinion that the plain import ■of the words used points to the unmistakable conclusion that the fees of jurors and mileage are to be taxed to the corporation. This ■ conclusion is strengthened when we consider the nature ■ of the proceeding and the parties to it. By the law the corporation is authorized to invoké the state’s power ■of eminent domain. • It may seize upon and appropriate to its own use, for its own profit and emolument, the land of another, whether he will or no. Whatever a jury concludes that his land is worth he must take, no matter what his own judgment as to value may be or his desire to remain its owner, and if he claim damage to adjoining lands the jury is the final arbiter between him and the corporation as to the amount of such damage. All such considerations go for nothing in the face of the right to exercise the extraordinary power bestowed upon the corporation. Surely it is most reasonable that under such circumstances the entire outlay necessary to bring about such result, call such outlay costs or what you will, should be paid by the party upon whom such extraordinary privileges are bestowed. Nor does the provision impose upon suitors similarly-situated different-burdens. This suggestion also, as we think, answers the further objection that the statute, if given the construction given by the court below, imposes- a burden upon certain corporations from which others, viz.: municipal- corporations, are exempt. This objection ignores the difference as to appropriation of land between a private' *459 railroad corporation and a public municipal corporation. One appropriates for a private purpose; tbe other for purposes affecting tbe public. We think the objection not well founded.
This case is reported not because it is thought by this court that the question is either new or difficult, but because the point has been decided differently in different jurisdictions..

Judgment affirmed.

Davis, Shauck, Price, Crew and Summers, JJ., ■concur.